**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1727
_____

JASON RITCHWOOD,

Appellant

v.

ESSEX COUNTY TOWING; TOWNSHIP OF SOUTH ORANGE VILLAGE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civ. No. 2:23-cv-20374)
District Judge: Honorable Julien X. Neals

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on December 26, 2024

Before: BIBAS, FREEMAN, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: December 30, 2024)

_____

—————

OPINION[*]

—————

PER CURIAM

New Jersey law permits local police officers to contact tow companies and have unregistered vehicles towed and stored at the vehicle owners' expense. *See* N.J.S.A. 39:3-4. Claiming that his Ford F-150 pickup truck was unlawfully towed and retained, Jason Ritchwood filed this pro se civil rights action against Essex County Towing and the municipality in which he and the tow company both reside (South Orange Village, New Jersey).[1] Ritchwood alleged without detail that his vehicle qualifies as an "automobile fire engine," which is excepted from N.J.S.A. 39:3-4 pursuant to N.J.S.A. 39:3-1.

The District Court granted the defendants' dispositive motions under Federal Rule of Civil Procedure 12(b)(1) and dismissed Ritchwood's complaint with prejudice. The District Court determined that the parties were not citizenship diverse for purposes of federal jurisdiction under 28 U.S.C. § 1332(a)(1), and that Ritchwood failed to either raise or adequately plead a viable civil rights claim under 42 U.S.C. §§ 1982 or 1983, for purposes of federal jurisdiction under 28 U.S.C. § 1331.[2]

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Ritchwood filed two other pro se actions related to the towing of his vehicle. *See Ritchwood v. Horten*, DC Civ. No. 23-cv-22883 (D.N.J.); *Ritchwood v. City of Hoboken*, DC Civ. No. 24-cv-02031 (D.N.J.). Those actions remain pending.

[2] A dismissal for lack of subject matter jurisdiction is to be *without* prejudice. *See Figueroa*

2

Ritchwood appealed. We have jurisdiction under 28 U.S.C. § 1291. Dismissals under Rule 12(b)(1), like those under Rule 12(b)(6), are reviewed de novo. *See Free Speech Coal., Inc. v. Att'y Gen. of U.S.*, 677 F.3d 519, 529–30 (3d Cir. 2012).

Ritchwood argues that the District Court "should have allowed amendment of [the] complaint." Appellant's Br. 12. To the limited extent that the District Court may have conducted a Rule 12(b)(6) inquiry, *see* DC Op. 3–4; *see also supra* note 2, Ritchwood would have a point, *see Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007) ("Our precedent supports the notion that in civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile.").[3]

But even accepting the premise that the District Court conducted (in part) a Rule 12(b)(6) inquiry—and thus should have allowed Ritchwood to amend his complaint or determined that amendment was not warranted—any error was harmless because amendment plainly would have been futile. Subject matter jurisdiction under § 1332(a)(1) was indisputably lacking (all parties are New Jersey citizens), so Ritchwood needed to go the § 1331 route and plead a viable federal law claim. And that he could not have done in an amended

---

*v. Buccaneer Hotel Inc.*, 188 F.3d 172, 182 (3d Cir. 1999). Dismissing a complaint *with* prejudice may cloud somewhat the precise Rule 12(b) ground on which the dismissal rests.

[3] To be sure, the plausibility standard applies not just in assessing pleadings for which dismissal is sought under Rule 12(b)(6), but also for those facing dismissal under Rule 12(b)(1). *See, e.g., Huertas v. Bayer US LLC*, No. 23-2178, 2024 WL 4703136, at *2 (3d Cir. Nov. 7, 2024); *In re Avena*, 92 F.4th 473, 479 (3d Cir. 2024).

complaint. In particular, Ritchwood's filings to date[4] contain no factual matter that would plausibly support a procedural due process claim under the Fourteenth Amendment, *see Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000); *cf. Weinrauch v. Park City*, 751 F.2d 357, 360 (10th Cir. 1984) ("[T]he City need not provide a hearing before requiring that the owner of an impounded vehicle pay the fees to recover the car."), or a basis for liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), *see Santiago v. Warminster Township*, 629 F.3d 121, 135 (3d Cir. 2010) ("Under *Monell*, for municipal liability to attach, any injury must be inflicted by 'execution of a government's policy or custom.'") (citation omitted).[5]

For those reasons, and because Ritchwood's remaining arguments all are without merit, the judgment of the District Court will be affirmed.

---

[4] Including the unauthorized amended complaint Ritchwood filed in the District Court after he initiated this appeal.

[5] Ritchwood's opening brief itemizes the steps he took to try to recover his vehicle. While Ritchwood may have eschewed or simply overlooked seemingly more-appropriate actions, *cf.* Appellant's Br. Ex. 8 (Aug. 9, 2023 letter from South Orange Village Police Department to Ritchwood explaining the process for reclamation of the vehicle); N.J.S.A. 56:13-1 to -23 (Predatory Towing Act) (addressing nonconsensual towing of motor vehicles authorized by law enforcement; permitting owners and operators of such vehicles to file a dispute with the Division of Consumer Affairs to challenge the towing company's fees, and giving the Director of the Division of Consumer Affairs the authority to determine if a towing company's fees are reasonable); N.J.S.A. 39:4-56.6 (Abandoned Vehicle Act) (permitting vehicle owners to make a claim or challenge removal and storage costs before a vehicle is deemed "abandoned" and sold at public auction); N.J.S.A. 2A:44-21 to -26 (Garage Keeper's Act) (permitting a vehicle owner to "bring an action for possession" in state court if the owner believes the garage keeper's storing and maintenance fees are "excessive"), a failure to take advantage of available post-deprivation remedies does not translate into a denial of post-deprivation process. *Cf. Midnight Sessions, Ltd. v. City of Philadelphia*, 945 F.2d 667, 680 (3d Cir. 1991).